IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FOX NEWS NETWORK, LLC, | § | |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | No. 412, 2021 |
| | § | |
| v. | § | |
| | § | Court Below–Superior Court |
| US DOMINION, INC., DOMINION | § | of the State of Delaware |
| VOTING SYSTEMS, INC., and | § | |
| DOMINION VOTING SYSTEMS | § | |
| CORPORATION, | § | C.A. No. N21C-03-257 |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted:  January 20, 2022
Decided:  January 31, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**<u>ORDER</u>**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1)    The plaintiffs below/appellees US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (together, "Dominion") filed a complaint in the Superior Court against the appellant, Fox News Network, LLC, for defamation *per se*.  The complaint alleges that: (i) Fox intentionally provided a platform for guests that Fox's hosts knew would make false and defamatory statements of fact on air; (ii) Fox, through Fox's hosts, affirmed,

endorsed, repeated, and agreed with those guests' statements; and (iii) Fox republished these defamatory and false statements of fact on air, Fox's websites, Fox's social media accounts, and Fox's other digital platforms and subscription services.

(2)    On May 18, 2021, Fox moved to dismiss the complaint for failure to state a claim. Fox argued that three affirmative defenses—the neutral reportage defense, the "fair report" privilege, and the opinion defense—mandated the dismissal of Dominion's complaint, even if the court accepted Dominion's allegations as true. On December 16, 2021, the Superior Court denied the motion (the "Opinion").[1] First, the Superior Court found that there was no reason to deviate from the general rule that the law of the forum governs procedural matters and applied Delaware's "reasonable conceivability" pleading standard to the motion.[2] Second, the Superior Court examined and rejected Fox's defenses. Third, the Superior Court found that Dominion's complaint adequately pled actual malice.

(3)    On December 27, 2021, Fox asked the Superior Court to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42. Fox maintained that the following Rule 42(b)(iii) factors warranted interlocutory review:

---

[1] *US Dominion, Inc. v. Fox News Network*, LLC, 2021 WL 5984265 (Del. Super. Ct. Dec. 16, 2021).

[2] The Superior Court had previously ruled that New York substantive law would apply to the defamation claim.

2

(i) the Opinion conflicts with other trial court decisions,[3] (ii) interlocutory review would terminate the litigation,[4] and (iii) interlocutory review would serve the considerations of justice.[5] Dominion opposed the application.

(4) On January 10, 2022, the Superior Court denied the application for certification.[6] Noting that Fox had not addressed whether the Opinion concerned a substantial issue of material importance—a threshold consideration under Rule 42[7]—the Superior Court nonetheless determined that the Opinion addressed a substantial issue of material importance because it considered the merits of Dominion's complaint. But the Superior Court found that the Rule 42(b)(iii) factors did not weigh in favor of interlocutory review. The Superior Court disagreed with Fox's characterization of the Opinion and found that certification was not warranted under Rule 42(b)(iii)(B) because the Opinion does not conflict with other Delaware trial court decisions. And the Superior Court observed that certifying an interlocutory appeal on the basis of Rule 42(b)(iii)(G)—Fox's success on appeal would terminate litigation—would endorse routine appeals from denials of motions

---

[3] Del. Supr. Ct. R. 42(b)(iii)(B).

[4] Del. Supr. Ct. R. 42(b)(iii)(G).

[5] Del. Supr. Ct. R. 42(b)(iii)(H).

[6] *US Dominion, Inc. v. Fox News Network, LLC*, 2022 WL 100820 (Del. Super. Ct. Jan. 10, 2022).

[7] Del. Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

to dismiss, an outcome inconsistent with Rule 42's instruction that interlocutory appeals be exceptional, not routine. The Superior Court also found that the considerations-of-justice factor did not weigh in favor of certification because Fox's application did not identify any specific or unique injustice that would warrant interlocutory review. Mindful of Rule 42's directive that a trial court should refuse to certify an interlocutory appeal if it finds the balance of the Rule 42 factors to be uncertain,[8] the Superior Court denied Fox's application.

(5) We agree with the Superior Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[9] In the exercise of its discretion and giving due weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

---

[8] Del. Supr. Ct. R. 42(b)(iii).

[9] Del. Supr. Ct. R. 42(d)(v).

[10] Del. Supr. Ct. R. 42(b)(ii).

[11] Del. Supr. Ct. R. 42(b)(iii).

4

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*_____
Justice